GARY W. LYNCH, J.
Union Electric Company ("Taxpayer") appeals the decision of the State Tax Commission (the "Commission") affirming the 2013 assessment of Taxpayer's commercial property in Bollinger County (appeal SD34933) and Butler County (appeal SD34934).[1] Taxpayer raises four points on appeal, which allege that the Commission erred in affirming the assessed valuation of Taxpayer's property because (1) "Assessor improperly applied the cost approach in valuing the property pursuant to RSMo § 137.115 by failing to apply depreciation[;]" (2) "the Commission effectively denied [Taxpayer] review of Assessor's valuation methodology ... in that the Commission relied on an appraisal offered by Assessor at the Commission evidentiary hearing which applied a cost approach methodology fundamentally different from that applied by Assessor[;]" (3) "the Commission erroneously concluded that [Taxpayer] did not present any evidence of market value[;]" and (4) the Commission "held [Taxpayer] to an incorrect burden of proof[.]" For the reasons stated below, we reverse and remand with directions.
Factual and Procedural Background
Taxpayer is a regulated public utility. Taxpayer transmits and distributes natural gas in various counties in Missouri. Taxpayer owns real and personal property, as it maintains a natural gas pipeline transmission and distribution system through 25 counties in the State of Missouri, including Bollinger and Butler Counties. Consistent with section 138.320, the Commission promulgated a three-page form for natural gas distribution companies to use in 2013 to report real property and tangible personal property in service as of January 1, 2013. As a natural gas distribution company with real and tangible personal property in 25 counties, Taxpayer was required to use the Commission's 2013 form. Regarding Taxpayer's property in Bollinger County, Taxpayer calculated the true value of the property as $688,848 and the assessed value as $131,367. Taxpayer valued its Butler County property as having a true value of $230,671 and an assessed value of $73,815.
The county assessors in 16 counties did not accept Taxpayer's valuations, instead calculating valuation without consideration of any depreciation. Taxpayer's property in Bollinger County was assessed as having a true value of $1,356,941 and an assessed value of $440,620. Taxpayer's property in Butler County was assessed as having a true value of $675,688 and an assessed value of $216,220.
*248 Taxpayer appealed each Assessor's determination to the Board of Equalization for Bollinger and Butler County respectively. Each board summarily sustained the Assessor's valuation. Taxpayer filed identical appeals with the Commission from each Board of Equalization decision sustaining the county assessor valuations in Bollinger County, Butler County, and the 14 other counties where assessors had not accepted Taxpayer's valuations. Taxpayer's appeals were consolidated by the Commission. The 16 county assessors involved in the consolidated appeals were represented by the same attorney and offered collective evidence to defend the appeals. Though the assessors conceded the stated basis for Taxpayer's appeals to the Commission, the assessors nonetheless argued that their failure to calculate depreciation was irrelevant. The assessors argued that even though the assessors had not calculated any depreciation, Taxpayer could not establish that the "Market Value" set by each assessor was unlawful or unfair. The Commission ordered that "[t]he assessed valuations for the subject properties as determined by the Assessors and sustained by the Boards of Equalization are AFFIRMED."
Taxpayer requested judicial review in the circuit courts of the 16 counties involved in the consolidated appeals before the Commission. The Commission's decision was affirmed in all 16 counties. Taxpayer then appealed the consolidated matters to the Supreme Court of Missouri, arguing jurisdiction was exclusive there as its appeals involved the construction of a revenue statute. The Supreme Court disagreed and transferred the matters to the intermediate appellate districts, with each assuming jurisdiction over the appeals involving counties within their boundaries. Though the amounts in dispute vary in these cases, the issues on appeal in all the districts are not materially distinguishable.
Discussion
Taxpayer's first point argues that the Commission's decision is erroneous because the Assessor failed to apply depreciation. Taxpayer's second point is similar and contends that the Commission erroneously relied on a different methodology to calculate valuation on appeal than was utilized by the Assessor. Taxpayer's third point is dissimilar but related in that it contends the Commission failed to consider evidence of value presented by Taxpayer. All three points are subject to the same analysis in that they contest the methodology by which the Assessor and the Commission assessed Taxpayer's property.
In a thorough and well-reasoned opinion, in which we concur both in result and in the entire extensive analysis supporting that result, the Western District of our court addressed these first three points together and concluded that the Commission had erred.[2] Union Elec. Co. v. Estes , No. WD 80659, 534 S.W.3d 352, 2017 WL 4244396 (Mo.App. Sept. 26, 2017). In Estes , the Western District agreed with Taxpayer's first allegation of error because, regardless of the specific cost approach that is utilized in determining the true value of money, " 'it is recognized that a proper deduction must be made for depreciation[,]' " citing Stephen & Stephen Props., Inc. v. State Tax Comm'n , 499 S.W.2d 798, 803 (Mo. banc 1973) (quoting *249 State ex rel. State Highway Comm'n v. Cone , 338 S.W.2d 22, 27 (Mo. 1960) ). Regarding Taxpayer's second point, the Western District reasoned that novel analysis of valuation on appeal was erroneous here because the Commission, having committed to using a form that required depreciation, was obligated to apply that approach properly, citing Snider v. Casino Aztar/Aztar Missouri Gaming Corp. , 156 S.W.3d 341, 348 (Mo. banc 2005). Regarding Taxpayer's third point, the Western District reasoned that the Commission erred in not considering as evidence of value Taxpayer's calculations of market value and their witnesses' testimony describing the methods used to determine those calculations because a property owner is competent to express an opinion as to the value of his own property, citing Esmar v. Zurich Ins. Co. , 485 S.W.2d 417, 424 (Mo. 1972). Accordingly, we grant Taxpayer's first, second, and third points.
Taxpayer's fourth point argues that the Commission "held [Taxpayer] to an incorrect burden of proof" by presuming the correctness of the Boards' decisions. The Western District in Estes concluded, and we also agree, that we need not resolve this question because the presumption was extinguished and the issue was mooted when Taxpayer presented evidence that the valuation method was unfairly applied due to the failure to consider depreciation.
Decision
Because we grant Taxpayer's first, second, and third points, the circuit court judgment in each case is reversed, and both cases are remanded to the respective circuit court for remand to the Commission for a determination of the appropriate depreciation to be taken. See Estes , No. WD 80659, 534 S.W.3d at 377-79, 2017 WL 4244396.
MARY W. SHEFFIELD, P.J.-concurs
DON E. BURRELL, JR., J.-concurs

Any reference in this opinion to the "Assessor" applies to the applicable respondent in the context of the separate appeals, which we have consolidated for the purposes of oral argument and opinion.

We briefly summarize the Western District's analysis and recognize that some clarity may be lost by our shortened account. Any perceived discrepancy between our summarization of the Estes decision and the actual language used in the Estes opinion, therefore, should be resolved in favor of the latter because we concur in that opinion without any reservation or deviation.